UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF RHODE ISLAND

SAMUEL FUENTES

V

DEPT. OF CORRECTIONS
DIRECTOR A.T. WALL II, et, al.

4 / 21 / 2008

Court file
csae #________

Earlier case
NO.CA-04-408-ML

MOTION TO REACTIVATE PETITION DISMISSED WITHOUT PREJUDICE

In Support of this filing the following is stated:

1]. That the petitioner in the above entitled matter is being housed at the R.I.ACI at Po Box 8274 Cranston R.I. 02920 #60815

2]. Enclosed please find a true copy of a transcription dated October 2-1978

3]. That said transcription has been omitted from all and every proceeding with regards to my post-conviction application appellate process and post-conviction appellate process.

4]. That omission of said transcript caused a misapprehendsion of the claims this petitioner wanted raised,

4-A]. That on the fifth and final page of enclosed transcription, sates clearly " MR. KELLEY: I just wanted to make one correction. I just wanted to make it clear that I'm not ready"

5]. That it is clear that the lower court never intended to afford this petitioner a fair trial for the following reasons

5-A]. This matter was docketed as a double murder trial, all law both state and federal require two attorneys for a murder trial

5-B]. That in this instance one attorney was afforded to the petitioner and even that one made it "clear" that he was unprepared and unable to render competent counsel to this petitioner, forcing an ineffective situation on one who had questionable and more than probably a right to two attorneys

6]. That said omission of transcriptions effected this petioner in such a way as to deny him a fair hearing at the state level in a Tonwsend V Sain sense see 372 US 293 9 L ed 2d 770

Further a recent decision in Greyuerst at the R.I. Superior court level stated that it was insufficient to fail to provide an attorney the needed time to properly defend his client see R.I.PM-2005,3148

7]. That it is also true that this petitioner does not speak english well at all and more than likely had some to do with his being left out from participating in his own defense.

**wherefore:** This petitioner moves to reactivate the formally dismissed petition.

a). To grant an evidentiary hearing

b). Order new trial

c). Order the appointment of counsel

d). Grant all others which are fair and just

RESPECTFULLY SUBMITTED

Samuel Fuetes
Po Box 8274
Cranston R.I.
02920

MONDAY, OCTOBER 2, 1978

(A. M. SESSION)

(The following occurred at the call of the Criminal Jury Trial Calendar before Miss Justice Grande:)

THE CLERK: State vs. Samuel Fuentes.

MR. WIGGLESWORTH: Mr. Leavey is ready for trial on that matter.

MR. KELLEY: We had some discussion earlier in the week. I would request a two-week continuance on this, and I would like to be heard on that.

(Call of the Calendar continued, and then the following occurred with Mr. Leavey present:)

MR. KELLEY: Your Honor, this man was indicted May 3rd. I mean, I entered my appearance, rather, on May 3, 1978. This is a double murder case. They claim he murdered two people, and we had a defense of insanity in this case. He was examined at the IMH by a Doctor Pinkhert who examined him at the Medical Center. He was transferred to the ACI; he had an episode at the ACI. He was in the prison hospital and he was examined by a Doctor Paretta, who is no longer with the State. There is nobody that I know of on full time doing psychiatric work at the prison. Whoever needs help, occasionally they send a doctor down from the Medical Center. There was also a question of drug

in this case, particularly PCP, and its effect on this defendant. We had a short conference with your Honor about three days ago concerning the problems of whether I could be ready today, and your Honor said there is nothing before your Honor. "When this case is called, say what you have to say." I also talked with Mr. Leavey Friday and indicated I had major problems in getting ready on this case. I'm not saying he committed himself to a continuance, but he said the State would have to take the position they were ready. Now, we have tried to get an examination with regard to this drug influence. We did have one examination by Doctor Paolino, and I had to go to great trouble to have him admitted out there at the ACI. Despite the present situation, I got him in last Thursday evening, and I've been able to talk to him. I've talked to Mr. Ruginski, who is private counsel helping me on this case; one reason being that he could speak Spanish. This defendant can speak only broken English.

THE COURT: So, what is the problem, Mr. Kelley?

MR. KELLEY: I'm not ready. We've got to finish this one aspect of the case, the effect.--

THE COURT: You have that report. This case is ready for trial, Mr. Kelley.

MR. KELLEY: May I finish, your Honor? Now, there is also the motion to suppress, and the witnesses for that. Now, this man was indicted in May, and my workload was extremely heavy till August, when I went on vacation. Being as I have twenty years service, I'm allowed a certain amount of vacation. In September, visiting was very limited at the prison for a substantial amount of time. Even the days we could go, it was limited to 2:30 in the afternoon, and it was almost impossible for me to get through my work here and get out there by 2:30, and not only that, get ahold of private counsel. There's just been too much of administrative roadblocks in my way to properly prepare for this case. I understand there is no more lockup out there now, and if I devoted practically all my time to the psychiatric part of this case, we could get ready. When you have a client who doesn't speak English, the work is twice as difficult. I'm not saying he doesn't speak it, but he speaks broken, and particularly in matters of this kind, it is very difficult. So, that is the situation. I wasn't aware of some of these articles on PCP that were called to my attention by Attorney Ruginski, and I've since made a study of it, and I'm just not ready. Last week, I had something like twenty cases on the Calendar that required considerable work on my part. The only time I could see him was one

evening I saw the defendant. At no time during the day was I free. And during the whole month of September, I had probably two days where I could get out there, but because of the time limitation, it was too short. Maybe you get through in the morning, and you're ready by 1:30, and get out there at two, and in a half an hour, there's just not enough time.

THE COURT: Let me place on the record the fact that when you and Mr. Ruginski and Mr. Leavey conferred with me last week, the only issue that was brought to my attention was the issue of the problems which the defendant was having in finding a psychiatrist to support the defense. Those were the only matters that were discussed at great length. The State kept asking the defense counsel, "Are you or aren't you going ahead on a plea of insanity? We'd like to know," and you finally gave the prosecutor the final answer, "Yes, we are, and if we can't use the psychiatrists who have already examined our client, we'll just go ahead with ordinary testimony concerning sanity, that is admissible in Rhode Island."

MR. KELLEY: That might have been mentioned.

THE COURT: I consider this case reached for trial today.

MR. KELLEY: I just want to make one correction. I just want to make it clear that I'm not ready. I think the defendant should be present.

THE COURT: You have defined yourself as not being ready. In the Court's judgment, you are ready and this case is ready for trial. In all likelihood, this case is going to be reached this morning or this afternoon. I'll let you know within twenty minutes whether it is this morning or this afternoon.

---

C E R T I F I C A T I O N

I hereby certify that the foregoing is a true and accurate transcript according to my stenographic notes.

Kathleen L Murray

Kathleen L. Murray
Court Reporter