**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SAMUEL FUENTES,** | : | |
| **Petitioner** | : | |
| **v.** | : | **C.A. 04-408ML** |
| | : | |
| **A.T. WALL,** | : | |
| **Respondent** | | |

**STATE OF RHODE ISLAND'S OBJECTION TO MOTION TO REACTIVATE PETITION DISMISSED WIHTOUT PREJUDICE**

Now comes the State of Rhode Island in the above-captioned matter and, for the reasons expressed in the accompanying supporting memorandum, respectfully objects to Petitioner's Motion to Reactivate Petition Dismissed Without Prejudice.

Respectfully Submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman
______________________

**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on May 9, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within motion by first-class mail, to Samuel Fuentes, Pro Se, ACI, Medium Security, P.O. Box 8274, Cranston, RI 02920, on the same date.

/s/ Aaron L. Weisman

PDF created with pdfFactory trial version www.pdffactory.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SAMUEL FUENTES,** | : | |
| **Petitioner** | : | |
| **vi.** | : | **C.A. 04-408ML** |
| | : | |
| **A.T. WALL,** | : | |
| **Respondent** | | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO MOTION TO REACTIVATE PETITION DISMISSED WIHTOUT PREJUDICE**

In September of 2004, Petitioner (who had in December 1978 been convicted by a Providence County Superior Court Jury of having murdered his girlfriend, Helen Davis, and his girlfriend's daughter, Jane Dias) filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in state custody." The state moved dismiss on the grounds that 1) the petition was time barred pursuant to 28 U.S.C. § 2244(d)(1)(setting forth a "1-year period of limitation *** to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."), and 2) that the petition constituted a "second or successive application" pursuant to 28 U.S.C. § 2254(b)(3)(A)(providing that "[b]efore a second or successive application [for federal habeas relief] *** is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application" (emphasis added)). (State's October 21, 2004 Memorandum in Support of its Motion to Dismiss Petition for Writ of Habeas Corpus at 2-3.) (The State also noted that, at least with respect to one issue Petitioner asserted, Petitioner had not properly exhausted his state remedies (id. at page 3, n. 1).) Petitioner ultimately moved to "dismiss [his] *** Motion for Writ of Habeas Corpus *** without prejudice", and Judge Mary Lisi, on November 23, 2004, did grant

PDF created with pdfFactory trial version www.pdffactory.com

such voluntary dismissal motion with respect to that 2004 habeas corpus petition. Prior to the November 23, 2004 dismissal of that action, however, United States Magistrate Judge David L. Martin did, during the course of an October 28, 2004 Memorandum and Order Denying [Petitioner's] Motion to Appoint Counsel, determine that because Petitioner had in 1982 filed a previous petition for writ of habeas corpus, 28 U.S.C. § 2244(b)(3)(A) did not permit him to file a second or successive one in the District Court. United States Magistrate Judge David L. Martin also determined, during the course of that October 28, 2004 Memorandum and Order Denying [Petitioner's] Motion to Appoint Counsel, that the 2004 habeas corpus petition "would seem to be time-barred." (October 28, 2004 Memorandum and Order Denying [Petitioner's] Motion to Appoint Counsel at 3.) Finally, the United States Magistrate Judge noted that the petition raised unexhausted claims. (id. at 3-4.)

In instantly seeking to "reactivate [his 2004] petition dismissed without prejudice" on the alleged ground that his trial attorney, back on October 2, 1978, was compelled to proceed to trial unprepared, the State would respectfully suggest that Petitioner should continue to face at least all of the hurdles properly identified by United States Magistrate Judge David L. Martin in his October 28, 2004 Memorandum and Order in case C.A. 04-408ML. Specifically, and not counting the withdrawn 2004 habeas corpus petition, Petitioner has already filed two federal habeas corpus petitions in this Honorable Court: First, in 1982, he filed such a habeas corpus petition, which was denied and dismissed by District (now Circuit) Judge Bruce M. Selya on September 27, 1983. See <u>Fuentes v. Moran</u>, 572 F.Supp. 1461, 1463, 1475 (D.R.I. 1983), aff'd, 733 F.2d 176 (1st Cir. 1984). Second, in 1994, the Honorable Judge Torres of this Court considered a federal habeas



PDF created with pdfFactory trial version www.pdffactory.com

corpus petition filed by Petitioner, and denied it on the ground that it was a successive habeas corpus petition in violation of Section 2244(b). Fuentes v. Vose, 1994 WL 16014781 (D.R.I.). Even, then, not counting Petitioner's voluntarily withdrawn 2004 federal habeas corpus petition, the instant federal habeas corpus petition, being Petitioner's third such submission to this Court, is plainly barred by 28 U.S.C. § 2244(b)(3)(A), which provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (See Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)(noting that Section 2244(b)(3)(A) allocated subject matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a successive or second habeas petition unless and until the court of appeals has allowed it to go forward).) The State would, then, respectfully suggest that this Honorable Court may not instantly consider Petitioner's 2004 habeas corpus petition, because Petitioner has not been given authorization by the United States Court of Appeals for the First Circuit.

The State would moreover contend that because it appears that the 2004 application was in any event time barred - the Rhode Island Supreme Court affirmed the denial of Petitioner's post-conviction relief application in 1991 (Fuentes v. State, 598 A.2d 113 (R.I. 1991)), and 28 U.S.C. § 2244(d)(1) established a "1-year period of limitation *** to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" - this Honorable Court would be constrained to dismiss such 2004 habeas corpus application, even it did have subject matter jurisdiction



PDF created with pdfFactory trial version www.pdffactory.com

to consider it. For this second reason as well, then, Petitioner's Motion to Reactive Petition Dismissed without Prejudice must be denied.

And, finally, the State would note that because it appears that the substantive basis upon which Petitioner's Motion to Reactive Petition Dismissed without Prejudice is based has not been determined by the Rhode Island courts, such issue, being unexhausted, may not properly be the basis of any Motion to Reactivate.

For all of these above reasons then, the State would respectfully ask that this Honorable Court deny Petitioner's Motion to Reactive Petition Dismissed without Prejudice.

Respectfully Submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman

**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on May 9, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within motion by first-class mail, to Samuel Fuentes, Pro Se, ACI, Medium Security, P.O. Box 8274, Cranston, RI 02920, on the same date.

/s/ Aaron L. Weisman



PDF created with pdfFactory trial version www.pdffactory.com