UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SAMUEL FUENTES, Petitioner, | : | |
| v. | : | CA 04-408ML |
| A. T. WALL, Respondent. | : | |

**MEMORANDUM AND ORDER**
**DENYING MOTION TO APPOINT COUNSEL**

Before the court is Petitioner Samuel Fuentes' Motion to Appoint Counsel on Habeas Petition Due to Mental Incompetency of the Petitioner (the "Motion"). Petitioner submits that he is mentally incompetent and unable to proceed with his Petition for Writ of Habeas Corpus 28 USC, §2254, by a Person in State Custody (the "Petition") without such assistance. See Motion. Thus, according to Petitioner, the interests of justice would be served by granting the Motion. See id.

There is no constitutional right to counsel in habeas corpus proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); Ellis v. United States, 313 F.3d 636, 652 (1st Cir. 2002). Nevertheless, section 3006A allows for the appointment of counsel in a § 2254 action "[w]henever the United States magistrate judge or the court determines that the interests of justice so require ...." 18 U.S.C.A. § 3006A(a)(2) (2003). In making the discretionary determination whether to appoint counsel, "a court must examine the total situation, focusing, *inter alia*,[1] on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Manisy v. Maloney, 283 F.Supp.2d 307, 317 (D. Mass 2003)(quoting DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991)). However, "the court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the

[1] "Inter alia" means "among other things."

5

court." Davias v. Merrimack County Super. Ct., No. CIV. 92-245-SD, 1994 WL 260614, at *2 (D.N.H. May 9, 1994)(internal quotation marks omitted). If the petition is frivolous or clearly without merit, counsel should not be appointed. See Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994).

In the circumstances of the present matter, the court finds that the merits of the case weigh heavily against an appointment of counsel. First, in 1982 Petitioner filed a previous petition for writ of habeas corpus, which was denied and dismissed by District (now Circuit) Judge Bruce M. Selya on September 27, 1983. See Fuentes v. Moran, 572 F.Supp. 1461, 1463, 1475 (D.R.I. 1983), aff'd, 733 F.2d 176 (1st Cir. 1984). Section 2244 (b)(3)(A) of Title 28, United States Code, provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.A. § 2244(b)(3)(A) (2004 Supp.). There is no indication that Petitioner has obtained such an order.

Second, the Petition appears to be untimely. Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ....

28 U.S.C.A. § 2244(d)(1) (2004 Supp.). For prisoners whose convictions became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2241 *et seq.*, a one year grace period was allowed, beginning on the AEDPA's effective date and expiring on April 24, 1997. See Lattimore v. Dubois, 311 F.3d 46, 53 (1st Cir. 2002).

Plaintiff's direct appeal was denied on August 3, 1981. See State v. Fuentes, 433 A.2d 184 (R.I. 1981). Although the limitation period was tolled during the pendency of Plaintiff's post-conviction application, see 28 U.S.C.A. § 2244(d)(2), Plaintiff's appeal of the denial of that application was dismissed on November 14, 1991, see Fuentes v. State, 598 A.2d 113 (R.I. 1991). Thus, the Petition would seem to be time-barred.

Third, according to Petitioner, the Petition includes unexhausted claims. See Petition at 2 (noting that Petitioner has previously challenged his conviction "presenting grounds other than those presented herein"), 9 ("Grounds One and Two ... were not previously presented in any other court ...."). However, it is fundamental that a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief:

> Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. The exhaustion doctrine ... is now codified at 28 U.S.C. § 2254(b)(1)[2] ....

O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 1731, 144 L.Ed.2d 1 (1999)(citation omitted); see also Rose v. Lundy,

---

[2] According to the statute:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C.A. § 2254(b)(1) (2004 Supp.).

455 U.S. 509, 515, 102 S.Ct. 1198, 1202, 71 L.Ed.2d 379 (1982) (noting the principle that "state remedies must be exhausted except in unusual circumstances."); Preiser v. Rodriguez, 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973) (observing that "a [habeas corpus] plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate."); Tart v. Massachusetts, 949 F.2d 490, 494 (1st Cir. 1991)("A federal court may not issue a writ of habeas corpus unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.")(citation and internal quotation marks omitted).

Finally, Petitioner alleges that he was denied effective assistance of counsel during his trial,[3] direct appeal, state post-conviction application and appeal, and prior federal habeas corpus petition and appeal. See Petition at 7. However, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. 2254(i).

Based on the foregoing, the court concludes that the instant petition lacks merit and the appointment of counsel would benefit neither Petitioner nor the court. Accordingly, Petitioner's Motion to Appoint Counsel is DENIED.

---

[3] Petitioner's state post-conviction proceeding apparently addressed the issue of ineffective assistance of counsel at trial. See Fuentes v. State, 598 A.2d 113 (R.I. 1991)("We believe the full text of the trial justice's decision clearly indicates that petitioner was not denied effective assistance of counsel as guaranteed by the Sixth Amendment.").

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
October 28, 2004

BY ORDER:

Deputy Clerk