UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF RHODE ISLAND

SAMUEL FUENTES :
Petitioner :

V. :
: C.A.04-408-ML

A.T. WALL, :
Respondent :

MOTION FOR CERTIFICATE OF APPEALABILITY

In support of this filing the following is stated:

1]. That the petitioner is being housed at the R.I. ACI Po Box 8274 Cranston R.I. 02920

2]. That because a successive petition or 2255 rely's upon a legitimate 2254 or first petition

It is however clear that the merits in this case were never reached in the first instance.

3]. That because on page 5 of exhibit (A) it is clear that the issue is preserved by a vehement colloquy between attorney for defendant and trial justice, for the sole purpose on counsels part for the defendant to preserve the issue that counsel was clearly not ready to properly defend his client.

3-A]. That because of the content of page 5 of (A) was completely omitted from any appellate proceedings, due wholly to appellate counsels blatant refusal to respect clients wishes and permit defendants participation in his defense, via ignoring his constant appeal's to her regarding this very issue, and through an interpreter.

4]. That because of the newest trend of the justice system's molestation of non english speaking americans, recourse and more far fetched relief are wholly unattainable.

5]. That because 28 USCA §2254 SEC 104. SECTION 2254 (1) by amending subsection (b) to read as follows;

"(b)(1) An applicant for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted UNLESS IT APPEARS THAT

"(A) The applicant has exhausted the remedies available in state court OR"

"(B)(i)(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

6]. That representation by counsel given adequate time to prepare and effectively represent his/her client is of constitutional law and value, protected by law and given to protect the rights of a defendant in a criminal matter in the first instance,

6-A]. It is clear beyond any doubt that counsel for this petitioner was NOT READY to proceed to trial,

6-B]. It should not be forgotten that this was a double murder trial, liberty interest and constitutional rights attach to this petitioner in the very first instance.

7]. This petitioner respectfully requests this certificate on the grounds of the appearance of justice,

7-A]. That currently web cite are being acquired right now so that gross acts against "constitutionally protected" defendants can and will be placed on line so that the general public can be directed to it and the contents of Page 5 of exhibit (A) and made aware of this defendants inability to understand english and inablity to speak english, puts him in a statistical group comparable to those affected by the disabilities act, or a child or worse.

8]. That the political aspirations of an overzellous attorney general who wants a conviction more than justice is given the great weight of a judges help in acquiring said conviction, must deny a criminal defendant his right to a fair trial, especially when he doesn't even know whats being done to him, is a violation of his rights and then to ignore his wishes when he does understand some thing finally, is beyond ineffectiveness to the mockery standard before Strictland.

8-A]. That Strictland was ruled on for the purpose of protecting the feelings of attorneys who felt they were being held to some higher standard of professionalism than other professions, as though theirs is of some less consequence than all the one's their referring to, when however it's exactly why they should be held to a higher standard, how then would a police officer shoot an escaping suspect, miss him and hit a small child in the head, he's destroyed a life and he would be held responsible, would he not?

Or an auto repair shop who fails to fix your breaks properly and as a result the owner causes a pileup on the highway, is he not held responsible?

9]. In this case it was the Judge who forced the ineffectiveness of counsel and not counsel him self, which go's to the "appearance of justice" caused soley by the judge involved here.

10]. That because the transcripts were kept from this petitioner for such a long time, and his appellate counsels failure to the duty of representing her client and allowing him his right to participate in his own defense, denying him due process, did in fact deny him a fair trial in a constitutional sense.

11]. "If state requires its litigants to present an issue to its Supreme Court, the failure to do so would result in forfeiture but if the state would not consider the issue waived because it was omitted from a petition for leave to appeal, and when the last state court to address the issue reaches its merits without invoking forfeiture, the question is open on collateral review by petitioning for habeas corpus. JENKINS V. NELSON 157 F 3d 485 (7th Cir) 1998

Petitioners failure to raise sixth amendment challenge to interrogation at the trial level or on direct appeal constituted a procedural default of his federal claim in the state court, and therefore federal habeas review of claim was precluded where petitioner failed to demonstrate a valid reason to excuse to procedural default JOHNSON V NAGLE 58 F Supp 2d 1303 (1999) affirmed 11th Cir (2001), Cert denied 152 L ed 2d 208 (2002)," The reasons set forth are of constitutional value and should for the reasons set forth within merit review of the matter at hand.

RESPECTFULLY SUBMITTED

Samuel Fuentes

SAMUEL FUENTES
Po Box 8274
Cranston R.I.
02920

CERTIFICATION OF SERVICE

I swear that I have sent a true copy of the enclosed documents to the office of the attorney generals first class postage pre-paid to 150 south main st providence R.I. 02903 on 5 / 22 2008

Samuel Fuentes