MONDAY, OCTOBER 2, 1978

(A. M. SESSION)

(The following occurred at the call of the Criminal Jury Trial Calendar before Miss Justice Grande:)

THE CLERK: State vs. Samuel Fuentes.

MR. WIGGLESWORTH: Mr. Leavey is ready for trial on that matter.

MR. KELLEY: We had some discussion earlier in the week. I would request a two-week continuance on this, and I would like to be heard on that.

(Call of the Calendar continued, and then the following occurred with Mr. Leavey present:)

MR. KELLEY: Your Honor, this man was indicted May 3rd. I mean, I entered my appearance, rather, on May 3, 1978. This is a double murder case. They claim he murdered two people, and we had a defense of insanity in this case. He was examined at the IMH by a Doctor Pinkhert who examined him at the Medical Center. He was transferred to the ACI; he had an episode at the ACI. He was in the prison hospital and he was examined by a Doctor Paretta, who is no longer with the State. There is nobody that I know of on full time doing psychiatric work at the prison. Whoever needs help, occasionally they send a doctor down from the Medical Center. There was also a question of drug

in this case, particularly PCP, and its effect on this defendant. We had a short conference with your Honor about three days ago concerning the problems of whather I could b ready today, and your Honor said there is nothing before your Honor. "When this case is called, say what you have to say." I also talked with Mr. Leavey Friday and indicated I had major problems in getting ready on this case. I'm not saying he committed himself to a continuance, but he said the State would have to take the position they were ready. Now, we have tried to get an examination with regar to this drug influence. We did have one examination by Doctor Paolino, and I had to go to great trouble to have hi admitted out there at the ACI. Despite the present situation, I got him in last Thursday evening, and I've been able to talk to him. I've talked to Mr. Ruginski, who is private counsel helping me on this case; one reason being that he could speak Spanish. This defendant can speak only broken English.

THE COURT: So, what is the problem, Mr. Kelley?

MR. KELLEY: I'm not ready. We've got to finish this one aspect of the case, the effect.--

THE COURT: You have that report. This case is ready for trial, Mr. Kelley.

MR. KELLEY: May I finish, your Honor? Now, ther is also the motion to suppress, and the witnesses for that Now, this man was indicted in May, and my workload was extremely heavy till August, when I went on vacation. Bei as I have twenty years service, I'm allowed a certain amou of vacation. In September, visiting was very limited at th prison for a substantial amount of time. Even the days we could go, it was limited to 2:30 in the afternoon, and it was almost impossible for me to get through my work here and get out there by 2:30, and not only that, get ahold of private counsel. There's just been too much of administrative roadblocks in my way to properly prepare for this case I understand there is no more lockup out there now, and if I devoted practically all my time to the psychiatric part of this case, we could get ready. When you have a client who doesn't speak English, the work is twice as difficult. I'm not saying he doesn't speak it, but he speaks broken, and particularly in matters of this kind, it is very difficult. So, that is the situation. I wasn't aware of some of these articles on PCP that were called to my attention by Attorney Ruginski, and I've since made a study of it, and I'm just not ready. Last week, I had something like twenty cases on the Calendar that required considerabl work on my part. The only time I could see him was one

evening I saw the defendant. At no time during the day was I free. And during the whole month of September, I had probably two days where I could get out there, but because of the time limitation, it was too short. Maybe you get through in the morning, and you're ready by 1:30, and get out there at two, and in a half an hour, there's just not enough time.

THE COURT: Let me place on the record the fact that when you and Mr. Ruginski and Mr. Leavey conferred with me last week, the only issue that was brought to my attention was the issue of the problems which the defendant was having in finding a psychiatrist to support the defense. Those were the only matters that were discussed at great length. The State kept asking the defense counsel, "Are you or aren't you going ahead on a plea of insanity? We'd like to know," and you finally gave the prosecutor the final answer, "Yes, we are, and if we can't use the psychiatrists who have already examined our client, we'll just go ahead with ordinary testimony concerning sanity, that is admissible in Rhode Island."

MR. KELLEY: That might have been mentioned.

THE COURT: I consider this case reached for trial today.

MR. KELLEY: I just want to make one correction. I just want to make it clear that I'm not ready. I think the defendant should be present.

THE COURT: You have defined yourself as not being ready. In the Court's judgment, you are ready and this case is ready for trial. In all likelihood, this case is going to be reached this morning or this afternoon. I'll let you know within twenty minutes whether it is this morning or this afternoon.

---

C E R T I F I C A T I O N

I hereby certify that the foregoing is a true and accurate transcript according to my stenographic notes.

Kathleen L. Murray
Kathleen L. Murray
Court Reporter